**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 19-4479**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER LEWIS JOHNSON,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of Virginia, at Abingdon. James P. Jones, District Judge. (1:18-cr-00022-JPJ-PMS-1)

───────────

Submitted: April 19, 2021                     Decided: April 29, 2021

───────────

Before GREGORY, Chief Judge, WILKINSON, Circuit Judge, and TRAXLER, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Juval O. Scott, Federal Public Defender, Lisa M. Lorish, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlottesville, Virginia, for Appellant. Daniel P. Bubar, Acting United States Attorney, Jean B. Hudson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Lewis Johnson pleaded guilty, without a plea agreement, to being a felon in possession of firearms and ammunition and being in possession of firearms and ammunition as an unlawful user of a controlled substance, in violation of 18 U.S.C. §§ 922(g)(1), (3), 924(a)(2) (Count 1), and to distributing and possessing with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 2). The district court imposed concurrent sentences of 41 months, within the Sentencing Guidelines range established at sentencing. On appeal, Johnson contends that the district court erred by not grouping Counts 1 and 2 under U.S. Sentencing Guidelines Manual § 3D1.2 (2018), for purposes of calculating his Guidelines range. We affirm.

We review unpreserved claims of procedural sentencing error for plain error. *United States v. Lester*, 985 F.3d 377, 387 (4th Cir. 2021). To demonstrate plain error, Johnson must establish that (1) an error occurred, (2) the error was plain—that is, "clear or obvious," and (3) the error affected his substantial rights. *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904 (2018) (internal quotation marks omitted). Even if these requirements are met, we will correct such an error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 1905 (internal quotation marks omitted).

The Guidelines "provide[] for the grouping of closely related counts, or [counts] that involv[e] substantially the same harm." *United States v. Bartley*, 230 F.3d 667, 669 (4th Cir. 2000) (internal quotation marks omitted). Section 3D1.2 identifies four situations where counts should be grouped:

(a) When counts involve the same victim and the same act or transaction.

(b) When counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan.

(c) When one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts.

(d) When the offense level is determined largely on the basis of the total harm or loss, the quantity of a substance involved, or some other measure of aggregate harm, or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior.

USSG § 3D1.2.

Turning first to USSG § 3D1.2(a), (b), assuming, without deciding, that Counts 1 and 2 involved closely related societal harms, *see* USSG § 3D1.2 cmt. n.2, those counts do not arise from the same act or transaction because they occurred on two separate occasions, six months apart. Nor has Johnson established that Counts 1 and 2 share a common criminal objective or are part of a common scheme or plan. *See United States v. Pitts*, 176 F.3d 239, 244-45 (4th Cir. 1999) (discussing relevant factors); USSG § 3D1.2 cmt. n.4. Regarding USSG § 3D1.2(c), while the PSR assessed a specific offense characteristic on Count 1 for use of a firearm "in connection with another felony offense," specifically a drug-related felony, *see* USSG § 2K2.1(b)(6)(B), that felony was not related to the offense conduct charged in Count 2. Finally, the district court did not err by failing to group Counts 1 and 2 under USSG § 3D1.2(d) because the two offenses were not of the same general type. *See* USSG § 3D1.2 cmt. n.6; *United States v. Farmer*, 988 F.3d 55, 66-67 (1st Cir.

3

2021) (holding that district court did not err not grouping drugs and firearm offenses because they were not of the same general type).

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*